### BOCOD vs. JACOBS.

#### APPEAL FROM THE COURT OF THE PARISH AND CITY OF NEW ORLEANS.

A slave's misrepresentation of his own name and that of his master when arrested, is not a sufficient circumstance to imply the habit of running away from a single instance.

Circumstances posterior to the sale may have some weight in proving the existence of a previous habit; but the mere fact of running away after the the sale, added to a single instance before, does not establish an anterior habit.

The vender is not affected by the assertion of his broker that the slave is a good subject. Such a character is not absolutely inconsistent with the circumstance of his having absented himself for a few days.

Eastern District,
*May* 1831.

BOCOD
*vs.*
JACOBS.

This suit was brought to rescind the sale of a slave who, it was alleged, was in the habit of running away.

The evidence showed that the slave run away *once*, while owned by the defendant, but was apprehended in a few days and committed to jail. The sale to the plaintiff was effected through a broker, who represented the slave as a good subject. There was judgment for the plaintiff, and the defendant appealed.

*M'Caleb*, for appellant, made the following points.

1st. The judgment below should be reversed, because there is no evidence to show a *habit* of *running away* prior to the sale.

2d. There is not one tittle of proof that the slave had ever absented himself *more than once* from his owner, previous to the sale to the plaintiff: the running away *once* does not constitute the habit.—*C. C.*

*Canon* for appellee.

*Martin, J.* delivered the opinion of the court.

The recision of the sale of a slave is claimed by the vendee, on the ground that he was in the habit of running away before the sale, in the knowledge of the vender, who, nevertheless, alleged, as it is said, that he was a good subject.— The plea was the general issue, and the defendant is appellant, of a judgment of recision.

The evidence is, that the slave ran away once while he was owned by the vender, and was absent a few days only. When he was arrested he gave to himself and his owner many names. Soon after the sale he ran away a second time. The vender's broker, when bargaining with that of the vendee, represented the slave as a good subject.

The plaintiff's counsel has relied on the case of *Sykes* vs.

Y 2

Eastern District,
*May* 1831.

BOCOD
*vs*
JACOBS.

A slave's misrepresentation of his own name and that of his master, when arrested, is not a sufficient circumstance to imply the habit of running away from a single instance.

Circumstances posterior to the sale may have some weight in proving the existence of a previous habit; but the mere fact of running away after the sale added to a single instance before, does not establish an anterior habit.

The vender is not affected by the assertion of his broker that the slave is a good subject—such a character is not absolutely inconsistent with the circumstance of his having absented himself for a few days.

*Allen,* 2d *Martin, N. S.;* and has cited *Syrey, Pothier* and *Toullier.*

We have a special provision in our Code by which this case must be determined.—*Civil Code,* 2505.

If a slave has run away *once,* he is to be considered as having the habit of running away, if he stay away *more than one month:* so if he absent himself *twice* for *several days.*

We do not think that the slave's misrepresentation of his own name and that of his master, is a sufficient circumstance to authorize us to imply the habit from a *single* instance.

Circumstances posterior to the sale may have some weight in the scale of evidence in determining on the existence of a *previous* habit; but we do not think that the *mere* fact of running away immediately after the sale, added to a single instance before, may be received as evidence of an anterior habit. It may be the consequence of the displeasure of being sold—of his dislike of the new owner.

Neither ought the vender to be affected by his broker's assertion, that the slave was a good subject. Giving him such a character is not absolutely inconsistent with the circumstance of his having once absented himself from his owner's house for a few days.

It is therefore ordered, adjudged, and decreed, that the judgment of the District Court be annulled, avoided, and reversed: arid proceeding to give such a judgment as, in our opinion, ought to have been given below, it is ordered, adjudged, and decreed, that there be judgment for the defendant, with costs in both courts.